UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| **SABRINA RAYMOND,** *Conservator for Joy Reid-Morgan*, <br><br> **Plaintiff,** <br><br> v. <br><br> **REAL TIME RESOLUTIONS, INC., et al.,** <br><br> **Defendants.** | ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. <br> 25-10209-BEM |

**MEMORANDUM AND ORDER ON PLAINTIFF'S
MOTION FOR PRELIMINARY INJUNCTION**

**MURPHY, J.**

This is an action arising out of the scheduled foreclosure of a residential property located at 5-7 Laurel Road in Milton, Massachusetts. For the reasons set forth below, Defendants are preliminarily enjoined from conducting the foreclosure sale currently scheduled to take place on March 26, 2025, and any future foreclosure sale of the property, absent leave of Court.

**I.    Legal Standard**

"[T]he issuance of preliminary injunctive relief is 'an extraordinary and drastic remedy that is never awarded as of right.'" *Howe v. U.S. Bank Nat'l Ass'n as Tr. for RMAC Tr. Series 2016-CTT*, 440 F. Supp. 3d 99, 102 (D. Mass. 2020) (quoting *Peoples Fed. Sav. Bank v. People's United Bank*, 672 F.3d 1, 8–9 (1st Cir. 2012)). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Together Emps. v. Mass Gen. Brigham Inc.*, 32 F.4th 82, 85 (1st Cir. 2022) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)). "The movant's likelihood

of success on the merits weighs most heavily in the preliminary injunction calculus." *Ryan v. U.S. Immigr. & Customs Enf't*, 974 F.3d 9, 18 (1st Cir. 2020). "If the movant 'cannot demonstrate that he is likely to succeed in his quest, the remaining factors become matters of idle curiosity.'" *Id.* (quoting *New Comm Wireless Servs., Inc. v. SprintCom, Inc.*, 287 F.3d 1, 9 (1st Cir. 2002)).

"The court may accept as true 'well-pleaded allegations [in the complaint] and uncontroverted affidavits.'" *C&W Facility Servs. Inc. v. Mercado*, 2018 WL 4854630, at *2 (D. Mass. Oct. 5, 2018) (quoting *Rohm & Haas Elec. Materials, LLC v. Elec. Cirs. Supplies, Inc.*, 759 F. Supp. 2d 110, 114 n.2 (D. Mass. 2010)). "The Court may also rely on otherwise inadmissible evidence, including hearsay, in deciding a motion for preliminary injunction." *Bos. Taxi Owners Ass'n, Inc. v. City of Bos.*, 84 F. Supp. 3d 72, 78 (D. Mass. 2015) (citing *Asseo v. Pan Am. Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986)).

**II.    Analysis**

    **A.    Likelihood of Success on the Merits**

A "statutory requirement that must be strictly adhered to in a foreclosure by power of sale is the notice requirement articulated in G.L. c. 244, § 14." *U.S. Bank Nat. Ass'n v. Ibanez*, 458 Mass. 637, 647 (2011). "Prior to foreclosure under a power of sale, the statute requires a mortgagee to publish notice of the sale in a local newspaper 'once in each of [3] successive weeks, the first publication [of which shall] be not less than [21] days before the day of sale.'" *Culley v. Bank of Am., N.A.*, 2019 WL 1430124, at *4 (D. Mass. Mar. 29, 2019) (quoting Mass. Gen. Laws ch. 244, § 14).

Although "postponement of a foreclosure sale does not require renewed compliance with § 14," *Malanowski v. Wells Fargo Bank N.A. Tr. Option One Mortg. Corp. Tr. 2005-1 Asset-Backed-Certificates, Series 2005-1*, 654 F. Supp. 3d 25, 31 (D. Mass. 2023), *aff'd*, 2024 WL

5319077 (1st Cir. Oct. 15, 2024), the notice requirements must have been satisfied in the first instance, that is, with respect to the sale prior to its postponement.

In *Rife v. OneWest Bank, F.S.B.*, 2016 WL 8709995 (D. Mass. Feb. 12, 2016), *aff'd sub nom. Rife v. One W. Bank, F.S.B.*, 873 F.3d 17 (1st Cir. 2017), the court observed that the plaintiff had, in a previous action before the Massachusetts Land Court, "obtained a preliminary injunction enjoining the foreclosure sale . . . because [the defendant] had failed to publish the Notice of Sale at least 21 days before the sale as required by Mass. Gen. Laws ch. 244, § 14." *Id.* at *3 (citing *Rife v. One West Bank F.S.B.*, No. 10 MISC 441422 (Mass. Land Ct. 2010)). In granting the motion for preliminary injunction, the Massachusetts Land Court had reasoned, in part, as follows:

> Because Defendant's Notice of Foreclosure Sale per G.L. c. 244, s. 14, First Published on September 22, 2010, Defendant Failed to Comply with Requirements of Statutory Power of Sale by Failing to Publish Twenty-One Days Prior to Sale Date, Announced in Notice, October 12, 2010, Failure of Notice Is Fatal and Independently Sufficient for Injunction to Issue as No Valid Title Could Pass at Sale Given Insufficiency of Notice and Defendant Could Not Resolve Deficiency Simply by Proclaiming Short Adjournment. New publication and Notice Compliant with Statute is Required for Valid Sale, and Defendant's Counsel Represented That Defendant Would Do So. Plaintiff Is Likely to Succeed on Merits of This Claim.

*Rife v. One West Bank F.S.B.*, No. 10 MISC 441422 (Mass. Land Ct. Oct. 8, 2010).

Here, as in *Rife*, the notice of the foreclosure sale was first published 20 days before the auction date.[1] Accordingly, Plaintiff is likely to succeed on the merits of her claim that Defendants failed to comply with the notice requirements under Massachusetts law.[2]

---

[1] While Defendants have contended that the first notice was published on November 7, 2024, *i.e.*, "twenty-one days before the [November 27, 2024] auction date," Dkt. 7 at 5, November 7 is only 20 days before November 27. *See Rife*, No. 10 MISC 441422 (excluding auction date from calculation).

[2] For the reasons stated on the record, the Court finds that Plaintiff also has a high likelihood of success with respect to her claim that "Defendant[s] ha[ve] not and cannot show monies are in fact owed." Dkt. 18 at 3. Under Massachusetts law, "one seeking to foreclose a mortgage, the debt underlying which has become satisfied, cannot foreclose after the obligation secured by the mortgage no longer exists." *Wells Fargo Bank, N.A. v. McKenna*, No. 11 MISC 447455, 2011 WL 6153419, at *2 n.1 (Mass. Land Ct. Dec. 8, 2011) (citing *Wolcott v. Winchester*, 81 Mass. 461 (1860)).

### B. Likelihood of Irreparable Harm, Balance of the Equities, and Impact on the Public Interest

Although Defendants addressed only Plaintiff's likelihood of success on the merits, and not the remaining three factors relevant to the determination of whether preliminary injunctive relief is warranted, "[t]he Court is, nevertheless, required to analyze such factors prior to granting injunctive relief." *See Am. Inst. for For. Study, Inc. v. Fernandez-Jimenez*, 468 F. Supp. 3d 414, 425 (D. Mass. 2020) (analyzing all preliminary injunction factors where the defendant had "focuse[d] on the merits of [the plaintiff's] claims" and had "proffer[ed] no opposition with respect to the remaining preliminary injunction factors"), *aff'd*, 6 F.4th 120 (1st Cir. 2021).

#### 1. Likelihood of Irreparable Harm

Plaintiff asserts that "[a]bsent an injunction, [she] and her Ward will suffer irreparable harm due to the uniqueness of real estate, whereas its loss cannot be compensated by turning over foreclosure sale proceeds." Dkt. 18 at 6. The Court agrees and finds that this factor weighs in favor of Plaintiff.

#### 2. Balance of the Equities

The Court finds that this factor also weighs in favor of Plaintiff. Permitting the foreclosure to proceed as scheduled would result in loss of an occupied residential property in the face of Defendants' non-compliance with the Massachusetts notice provisions, while granting the preliminary injunction would simply result in a postponement of the foreclosure.

#### 3. Impact on the Public Interest

Lastly, the public interest weighs in favor of awarding preliminary injunctive relief. "[T]he Supreme Judicial Court (SJC) of Massachusetts held that under Massachusetts law a foreclosure by sale that does not strictly comply with the statutory terms of Mass. Gen. Laws. ch. 244, § 14, is void (and not merely voidable)." *Manson v. GMAC Mortg., LLC*, 283 F.R.D. 30, 33 n.1 (D. Mass.

2012) (citing *U.S. Bank Nat. Ass'n v. Ibanez*, 458 Mass. 637, 646 (2011)).  The Court finds that the public interest would not be served by permitting the currently scheduled foreclosure sale—which would likely be void—to proceed.

### III.     Conclusion

For the foregoing reasons, Plaintiff's motion for preliminary injunction is GRANTED in part.  Defendants, their officers, agents, servants, employees, and attorneys, and any other persons described in Fed. R. Civ. P. 65(d)(2), are preliminarily enjoined from conducting a foreclosure sale of the property located at 5-7 Laurel Road in Milton, Massachusetts, until further order of the Court.  The Court, in its discretion, will not require Plaintiff to post a bond.

**So Ordered.**

Dated:  March 21, 2025

/s/ Brian E. Murphy
Brian E. Murphy
Judge, United States District Court